UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRA ALSTON,<br><br>           Plaintiff,<br><br>  v.<br><br>A. COURNOYER, B. JACKSON, CAPTAIN ROBLES, CAPTAIN TUTTLE, SHAWN GUIMOND, DAVID JOSEPFIAK, LIEUTENANT BUJNICKI, A. LINDSEY, LIEUTENANT BRADLEY, C.O. LEONE, C.O. PAGLIANO, C.O. SWABY, PAM JASENEC, REBECCA RIGGINS, PAUL BALATKA, KRISTIN CARABINE, and LISA MOSIER,<br><br>           Defendants. | 3:15-CV-00961 (CSH)<br><br>JULY 28, 2016 |

**HAIGHT**, Senior District Judge:

### RULING ON PENDING MOTIONS

Presently before the Court in this *pro se* civil rights action are the following motions: (i) Plaintiff's motion for default judgment, [Doc. 33]; (ii) Defendants' motion to set aside default, [Doc. 34]; (iii) Plaintiff's motion to appoint pro bono counsel, [Doc. 40]; and (iv) Plaintiff's motion to compel, [Doc. 45].[1]  This Ruling resolves each of the pending motions.

**A.     Default Judgment Motions** [Docs. 33, 34]

Plaintiff filed his initial complaint on June 26, 2015.  Doc. 1.  On July 24, 2015, the Court

---

[1] Plaintiff also filed a Motion for Emergency Relief [Doc. 31], in relation to his then-pending Motion for Default Entry, [Doc. 30].  The Clerk of Court properly granted Plaintiff's Motion for Default Entry, [Doc. 32], and therefore the motion for emergency relief is DENIED AS MOOT.

ruled that the complaint failed to comply with Rule 8(a) and Rule 20 of the Federal Rules of Civil Procedure, and ordered Plaintiff to file an amended complaint if he aimed to proceed with the action. Plaintiff filed that Amended Complaint on August 3, 2015.  On August 6, 2015, the Court entered an order ruling that Defendants must respond to the Amended Complaint within sixty days following the transmission of waiver of service forms.  Doc. 8.  Those forms were sent on August 28, 2015, which meant Defendants were to respond to the Amended Complaint by October 27, 2015.  They did not do so.  In light of that, Plaintiff moved for entry of default pursuant to Fed. R. Civ. P. 55(a), [Docs. 30, 31], which was properly granted by the Clerk of Court on December 21, 2015, [Doc. 32]. On December 23, 2015, Plaintiff moved for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), [Doc. 33], and Defendants moved to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c), [Doc. 34].  Defendants thereafter filed their answer to the Amended Complaint on December 31, 2015.  Doc. 36.

A district court may relieve a party from the entry of default for "good cause."  Fed. R. Civ. P. 55(c).  In determining good cause, a court should review the following criteria: "'(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Keebler v. Rath*, 405 F. App'x 517, 519 (2d Cir. 2010) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  However, "[d]efault judgments are generally disfavored and are reserved for rare occasions.  As such, the criteria for vacating a default . . ., including the meritorious defense factor, should be construed generously." *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal citations and quotations omitted); *see also Jones v. Waldron*, 2016 WL 3039696, at *1 (D. Conn. May 27, 2016) ("default judgment [is] a remedy for extreme situations only").

The Court holds that this is not such an extreme situation in which default judgment should enter. *First*, there are no credible allegations that Defendants willfully ignored their deadline to respond to the Complaint. I accept the statement of Defendants' counsel that the default was caused by his "inadvertence," a trait that should not be encouraged, but the Court is not persuaded that Defendants purposefully defaulted. Further, despite Defendants' initial inaction, they filed a motion to set aside entry of default just two days after default entered and have since then actively made docket filings. *Second*, Plaintiff has not offered any prejudice caused by the default. The only apparent prejudice would be the delay in the adjudication of Plaintiff's suit, however, "'[d]elay alone is not a sufficient basis for establishing prejudice.'" *Swarna v. Al-Awadi*, 622 F.3d 123, 143 (2d Cir. 2010) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). *Third*, Defendants raise a myriad of defenses, including both factual and legal, that this Court believes would be best adjudicated in the ordinary course. Plaintiff's motion for default judgment is DENIED, and Defendants' motion to set aside entry of default is GRANTED.

**B.      Plaintiff's Motion to Appoint Pro Bono Counsel** [Doc. 40]

As Plaintiff acknowledges, "[t]he Second Circuit has repeatedly cautioned the district courts against the routine appointment of counsel." Doc. 40-1, at 2. Nevertheless, the Second Circuit has determined that "district courts exercise substantial discretion in deciding whether to appoint counsel, subject to the principles we have set forth in *Hodge v. Police Officers*[, 802 F.2d 58, 61-62 (2d Cir. 1986)]." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203-04 (2d Cir. 2003). The *Hodge* test requires that the movant meet the "threshold requirement" that "the indigent's position seems likely to be of substance." *Id.* In another case filed by the Plaintiff with this Court, this Court stated as follows as to how, and when, that showing of substance can be met:

3

> The Court is unable to conclude whether, at this relatively early stage, Plaintiff's position "seems likely to be of substance." . . . As this case has not progressed beyond the pleading stage, the Court cannot gauge the merits of Plaintiff's claims on the present record. Accordingly, Plaintiff's motion to appoint counsel will be denied without prejudice to his right to re-file that motion at a later stage of litigation.

*Alston v. Bellerose*, No 3:12-cv-00147 (CSH), Doc. 82, at 27.  That same analysis applies here, and forecloses Plaintiff's motion at present.  At this early stage of the litigation, the Court is simply not in a position to know if the threshold question going to the merits of Plaintiff's complaint, required by *Hodge*, is satisfied.  Plaintiff's motion to appoint counsel is DENIED WITHOUT PREJUDICE.

**C.    Plaintiff's Motion to Compel [Doc. 45]**

On April 19, 2016, Plaintiff moved to compel Defendants to comply with his October 25, 2015 and November 9, 2015 requests for discovery.  As Plaintiff acknowledges, this Court granted Defendants an extension until April 18, 2016 to respond to those discovery requests.  Doc. 44.  Defendants' opposition to the motion to compel states that Defendants did, in fact, respond to "all [of] plaintiff's discovery requests" on April 18, 2016.  Doc. 46, at 1.  Plaintiff did not file a reply brief, and thereby does not challenge the assertion made by Defendants.  Plaintiff's motion to compel is thereby DENIED AS MOOT.

All the foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         July 28, 2016

                                        */s/ Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge